# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ULYSSES KOLLECAS and
JOHANNA P. FOX, for themselves,
and all others similarly situated,

        Plaintiffs,

v.                                                        Civil No. 99-1428 WWD/LFG

STATE FARM LIFE INSURANCE COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiffs' Motion to Remand to State Court, filed February 1, 2000 **[docket # 10]**. Having considered the parties' briefs and the applicable law, I find that Plaintiffs' motion is well-taken and will be granted.

## Background

Plaintiffs purchased life insurance policies from State Farm Life Insurance Company ("State Farm") and are suing both individually and on behalf of a proposed class consisting of all residents in the United States who purchased individual insurance policies from State Farm within a time period. They allege that Defendant failed to disclose material facts regarding finance charges and interest rates for the various payment options of premiums under State Farm policies and in doing so, breached its duty of full and fair disclosure and of implied contractual duty of good faith. The complaint requests class certification and relief in the form of compensatory damages, punitive damages and injunctive relief. Defendants removed this case to federal court based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 28 U.S.C. § 1441. Plaintiffs seek

remand on the ground that there is no showing of an amount-in -controversy as to each Plaintiff or each putative class member which exceeds the jurisdictional amount of $75,000.00 required for diversity jurisdiction.

**Legal Standard**

Federal court jurisdiction is to be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). "[T]here is a presumption against removal jurisdiction." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing in the Notice of Removal the underlying facts establishing that the amount-in-controversy exceeds $75,000.00. See Laughlin, 50 F.3d at 873.

State Farm concedes that the individual compensatory damage claims of plaintiffs in a class action may not be aggregated in order to satisfy the requisite amount-in-controversy for diversity jurisdiction. The issue here is whether this Court may exercise jurisdiction, as Defendant urges the Court to do, based on the aggregate value of both the injunctive relief and punitive damages sought by Plaintiffs.

**Analysis**

*Aggregating Cost of Complying with Injunctive Relief*

Claims of multiple plaintiffs may be aggregated to satisfy the jurisdictional amount only where the claims are common and undivided and not "separate and distinct." Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); Zahn v. Int'l Paper Co., 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). Plaintiffs with separate and distinct claims must each satisfy

2

the jurisdictional amount requirement for suit in the federal courts. Id. Under this standard, the Court can consider the total cost to Defendant to remedy the problem (i.e., the cost of complying with injunctive relief) in order to meet the required amount-in- controversy only on a showing that Plaintiffs assert a common and undivided interest.

That showing cannot be made in this case. Plaintiffs do not have a collective (or "common and undivided") interest in a claim for injunctive relief since their claims arise from rights which they hold individually, not in group status. They could have sued individually to secure the injunctive relief which they request--the right to disclosure regarding hidden finance charges or interest rates for payments of different premium options. See, e.g., Amundson & Assoc. Art Studio, Ltd. v. Nat'l Council on Compensation Ins., Inc., 977 F.Supp. 1116, 1124 (D.Kan. 1994) (no common and undivided interest found in claim for injunctive relief based on claims by purchasers of workers' compensation insurance seeking to enforce rights to be free from oppressive and fraudulent conduct regarding cost of policies) (following Lonnquist v. J.C. Penney Co., 421 F.2d 597 (10th Cir. 1970)).

The fact that each Plaintiff's contractual rights are governed under similar State Farm policies does not mean that all the claims share a common and undivided interest which would allow aggregation. Cmp. Amundson, 977 F.Supp. at 1124 (even if plaintiff's claims present common questions of law and fact, as they must if they are to be certified as a class, it does not necessarily mean that their rights are held in group status) (citing United States v. Southern Pac. Transp. Co., 543 F.2d 676, 683 (9th Cir.1976)). Each Plaintiff holds an individual insurance policy issued by State Farm; each pays different premiums at different rates for different periods and each therefore alleges varying degrees of economic harm. Id. (aggregation is not allowed

3

where each class member claims an individual injury, such as a unique amount, that in theory must be proved separately); see Compl. at 3-5.[1]

To support its position urging the aggregation of injunctive relief, Defendant refers to Affidavits from several State Farm representatives (attached as Exhibits to the Notice of Removal) which attest to the fact that the cost to Defendant of effecting changes in the various policy forms in order to comply with the injunctive relief requested by Plaintiffs would run well over the required jurisdictional amount. However, the figures arrived at in these affidavits are based on a calculation of the total detriment to the Defendant which is not relevant here, where Plaintiffs' claims are separate and distinct, do not individually meet the jurisdictional requirement, and therefore cannot be aggregated. See Lonnquist v. J.C. Penney Co., 421 F.2d 597 (10th Cir. 1970) (improper to look to defendant's total cost of complying with injunctive relief where plaintiffs' claims in class action are separate and distinct); Watson v. Blankinship, 20 F.3d 383, 386 (10th Cir. 1994) (every separate and distinct claim must individually meet the amount-in-controversy).

According to these affidavits, the cost to State Farm for complying with the requested injunctive relief is approximately $1,644,000.00.[2] Pro-rated among even 1,000 Plaintiffs, the

---

[1] Although the Complaint does not lay out what the alleged overcharges were to the putative class members, the two named Plaintiffs allege annual overcharges of $15.00 and $12.50 (Kollecas) and $34.50 and $34.00 (Fox) at different times during the issuance of the policy. Compl. at 3-5.

[2] This figure is broken down into the cost for sending out a single notice to all policyholders in the United States (Ex. A: $1,300,000.00); cost for creating and filing new policy forms for the twelve currently used forms (Ex. B: $125,000.00); cost for revising policy forms and filing for new regulatory approval under different form numbers (Ex.C: $202,500.00); cost for instructor training (Ex. D: $15,798). The total figure assumes (probably incorrectly) that some of the costs do not overlap.

relevant figure for each Plaintiff amounts to $1,644.00 -- not even close to the required jurisdictional amount. Further, even this figure is improbably high, as the estimated number of persons in the class are in the "many thousands." Compl. at 7. Because Defendant cannot show sufficient evidence that the claims would satisfy the amount-in-controversy, this Court must resolve any doubts on the issue against removal. Fajen v. Foundation Reserve Ins.Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982) (court must resolve any ambiguities or doubts against removal).[3]

State Farm also contends that Lonnquist is inapposite to the present case, pointing to another Tenth Circuit case where the Court affirmed the district court's decision finding the claim for injunctive relief to be removable based on the total cost to the defendant for compliance. See Justice v. Atchison, Topeka & SF Railroad, 927 F.2d 503, 504 (10th Cir. 1991). The plaintiffs-landowners in that case sought monetary damages due to negligent construction of the railroad and injunctive relief based on a nuisance claim. Because the Court characterized the two claims as separate state law claims (i.e., the basis for compensatory relief (negligence) need not be proved in order to prove a basis for injunctive relief under nuisance), the claim for injunctive relief was considered to be removable based on the total cost of compliance. The district court in Justice had also exercised jurisdiction over the claim for damages under § 1441(c) "in the interest of judicial efficiency." Id., 927 F.2d at 504.

However, I find that the underlying premise in Justice does not exist in this case and that

---

[3] Defendant bases its argument on cases which allowed the aggregate value of injunctive relief or punitive damages to meet the amount-in-controversy for jurisdiction but which are not relevant to this situation. Those cases either did not involve multiple or class action plaintiffs, or found that plaintiffs had asserted claims with a common and undivided interest, which is not the case here although Defendant assumes otherwise.

Lonnquist does indeed apply.[4] In the present case, the claim for injunctive relief is inseparable from the claim upon which Plaintiffs seeks monetary damages -- it is requested as an additional form of relief based on the substantive claim for breach of duty. See Justice, 927 F.2d at 504 ("no party [in Lonnquist] claimed that the damages and the injunction were separate and independent as required under § 1441(c)"). Further, the Justice plaintiffs sued on a common and undivided interest, whereas the Plaintiffs' claims in this case (and in Lonnquist) are separate and distinct. See Lonnquist, 421 F.2d at 598 (distinguishing case at bar from first circuit case where aggregation was allowed based on plaintiff's assertion of a "common and undivided right of the class to recover sum of money allegedly owing by the defendant to the class"); Copeland v. MBNA Am., N.A., 820 F.Supp. 537 (D.Colo. 1993) ("[b]efore a court may consider total detriment as the basis for satisfying the amount-in-controversy requirement in a class action case, it must first determine whether the class members' claims may be aggregated" (citing Justice and following Lonnquist). Therefore, Defendant cannot use the aggregated value of the cost of complying with injunctive relief in order to meet the required jurisdictional amount.

*Aggregating Amount of Punitive Damages*

Defendant's efforts to remove this case fares no better when based on the aggregate value of punitive damages. Circuits are split on this issue, with the Second, Fifth and Seventh circuits refusing

---

[4] See Amundson, 977 F.Supp. at 1125 (distinguishing Justice from general application in class action contexts and noting that other courts have considered that it "cannot be intelligibly reconciled with the Supreme Court's repeated disallowance of an aggregation of the plaintiff class members' damages"); see also Harris v. Nationwide Ins. Co., 1999 WL 1249709, *2 (D.Utah) (refusing to follow Justice, recognizing that Amundson rejected Justice as "too terse to have precedential value and on the ground that applying the opinion as urged would conflict with clear legal principles that have developed in this area").

to allow aggregation of punitive damages[5] and the Eleventh Circuit allowing aggregation to meet the jurisdictional threshold. See Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1359 (11th Cir. 1996). While the Tenth Circuit has not addressed this issue, the consensus of the lower courts in this circuit have preferred to follow Gilman which relies on the rule in Snyder and Zahn barring aggregation absent a prior determination that the underlying claims "asserts a single title or right." Gilman v. BHC Securities, Inc., 104 F.3d 1418, 1430 (2nd Cir. 1997).[6] In other words, punitive damages claims do not, by their nature, enjoy a special status as "common and undivided." See Amundson, 977 F.Supp. at 1127 ("[a]llowing defendants to aggregate their punitive damage claims without first establishing this prerequisite 'would eviscerate the holdings of Snyder and Zahn and would run counter to the strict construction of the amount-in-controversy requirement those cases mandate.'" (citing Gilman, 104 F.3d at 1431).

There is no way other than pure speculation to know what punitive damages, if any, would be awarded in this case. However, even with a putative class of 1,000 members, a punitive damages award would have to exceed $75,000,000.00 in order to meet the required jurisdictional amount for each Plaintiff. Speculation is not a sufficient basis upon which to allow removal to federal court. I echo the observations of Judge Bruce D. Black in an opinion in which he refused to aggregate

---

[5] Gilman v. BHC Securities, Inc., 104 F.3d 1418, 1431 (2d Cir. 1997); Ard v. Transcontinental Gas Pipe Line Corp., 138 F.3d 596 (5th Cir. 1998); Anthony v. Security Pacific Financial Serv., Inc., 75 F.3d 311, 315 (7th Cir. 1996). A Fifth Circuit case which did allow aggregation was based specifically on Mississippi law but did not alter the general standard in that circuit. See Ard, 138 F.3d at 602.

[6] See, e.g., Harris v. Nationwide Ins. Co., 1999 WL 1249709, *2 (D.Utah); Amundson, 977 F.Supp.1116 (D.Kan. 1997); Asten v. Southwestern Bell Tel. Co., 914 F.Supp. 430, 433 (D.Kan. 1996) (citing Gallagher v. Continental Ins. Co., 502 F.2d 827, 831 (10th Cir.1974); see also Payne v. Volkswagon (sic) of America, 70 F.R.D. 565, 567 (10th Cir. 1976) (improper to aggregate amount of punitive damages against two separate defendants).

7

punitive damages: . . . "[I]t seems to make little sense to permit Plaintiffs to enter federal court on a magic carpet of aggregated potential punitive damages." <u>Wienberg v. Gen'l Motors Corp</u>., Civil No. 98-771 at 5 (D.N.M. Oct. 19, 1998) (attached as Ex. C to Plaintiffs' brief).

## Conclusion

Accordingly, I find that Plaintiffs' claims in this case are separate and distinct and as such cannot be considered in the aggregate on any of the bases proposed by Defendant, in order to satisfy a monetary jurisdictional threshold that would allow diversity jurisdiction. This case shall be remanded to state court.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion to Remand to State Court **[docket # 10]** be, and hereby is, GRANTED;

**IT IS FURTHER ORDERED** that this case be REMANDED to state court.

_____
UNITED STATES MAGISTRATE JUDGE